IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF CALIFORNIA, STATE OF FLORIDA, and STATE OF NEW JERSEY, <br><br> ex rel., PAUL DENIS, <br><br> Plaintiffs, <br><br> v. <br><br> MEDCO HEALTH SOLUTIONS, INC., and EXPRESS SCRIPTS HOLDING COMPANY, <br><br> Defendants. | Civ. No. 11-684-RGA |

**MEMORANDUM ORDER**

Relator Paul Denis brings this *qui tam* action against Defendants Medco Health Solutions, Inc. and its parent Express Scripts Holding Company alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, and analogous state statutes. Medco has moved to dismiss Denis' third amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b), for lack of jurisdiction and failure to state a claim. (D.I. 79). Briefing for the motion was completed on February 4, 2016. (D.I. 80, 84, 86).

On April 27, 2016, the court issued an oral order requesting supplemental briefing on whether Denis was proceeding under the pre- or post-2010 version of the public disclosure bar. (D.I. 88). The issue was important because, days before the parties completed briefing, the Third Circuit issued a decision in *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, holding that the trial court must apply the standards of Rule 12(b)(1) to pre-2010 conduct and Rule 12(b)(6)

1

to post-2010 conduct. 812 F.3d 297 (3d Cir. 2016). The parties submitted supplemental briefing, and the court heard oral argument on the motion. (D.I. 91, 92, 98).

Having now had the opportunity to closely analyze the parties' arguments, the court asks the parties to submit supplemental briefing. There were several issues raised at oral argument that were not fully addressed in the briefs. In addition, these are issues with no binding authority (that the court could find) and multiple conflicting cases from other jurisdictions.[1] Accordingly, the court's analysis would benefit from the parties' input on the following three issues: (i) the significance of a settlement or corporate integrity agreement ("CIA") when evaluating whether a claim is "based upon" a public disclosure that lead to the settlement or CIA; (ii) whether, under the first-to-file rule, an action is "related" to an earlier action that names different defendants; and (iii) the proper procedural outcome under the first-to-file rule for a second-filed case when the first-filed case is no longer pending. Outlined below is the court's current understanding of the law with respect to these three issues. The cases provided below are not the product of exhaustive research, and the parties are not restricted in their supplemental briefing to only these cases.

---

[1] The following cases were not cited in the briefing and are relevant to the issue under the public disclosure bar: *U.S. ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365 (7th Cir. 2016); *U.S. ex rel. Hirt v. Walgreen Co.*, 2016 WL 815512 (M.D. Tenn. Mar. 2, 2016), report and recommendation adopted, 2016 WL 1367182 (M.D. Tenn. Apr. 5, 2016); *U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, 88 F. Supp. 3d 447 (E.D. Pa. 2015); *United States v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 2014 WL 7912981 (E.D. Tenn. Mar. 28, 2014); *U.S. ex rel. Tahlor v. AHS Hosp. Corp.*, 2013 WL 5913627 (D.N.J. Oct. 31, 2013); *U.S. ex rel. Robinson-Hill v. Nurses' Registry & Home Health Corp.*, 2012 WL 4598699 (E.D. Ky. Oct. 2, 2012); *U.S. ex rel. Hoggett v. Univ. of Phoenix*, 2012 WL 2681817 (E.D. Cal. July 6, 2012). The following cases were not cited in the briefing and are relevant to the issues under the first-to-file rule: *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503 (6th Cir. 2009); *U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214 (D.C. Cir. 2003); *United States v. Cephalon, Inc.*, 2016 WL 398014 (E.D. Pa. Feb. 2, 2016); *U.S. ex rel. Szymoniak v. ACE Sec. Corp.*, 2014 WL 1910876 (D.S.C. May 12, 2014).

2

## I. ISSUES

### A. Public Disclosure Bar

Unlike the other public disclosures Medco identified, Denis alleges that Medco has violated the terms of a CIA by "engaging in precisely the same type of deceptive and fraudulent conduct which led to the CIA." (D.I. 78 ¶¶ 21, 32-33). Courts usually find that a claim is based upon a public disclosure when the relator alleges the same conduct continuing in a different time period. *See U.S. ex rel. Galmines v. Novartis Pharm. Corp.*, 88 F. Supp. 3d 447, 455 (E.D. Pa. 2015) (finding that allegations are based upon public disclosures because "they allege the same underlying scheme, but as applied to a new time period"); *U.S. ex rel. Tahlor v. AHS Hosp. Corp.*, 2013 WL 5913627, at *8 (D.N.J. Oct. 31, 2013) ("[A] claim can be 'based upon' a public disclosure if the public disclosure concerned similar conduct that occurred in a different time period."); *but see Leveski v. ITT Educ. Servs., Inc.*, 719 F.3d 818, 830 (7th Cir. 2013) (holding that allegations of fraud are not "substantially similar" to public disclosures where, among other things, "there is no temporal overlap").

Denis, however, does not allege only that Medco is continuing the same conduct in a later time period. He also alleges that Medco is violating the CIA that resolved the last of the public disclosure cases. It appears that the Third Circuit has not addressed whether allegations that defendants continue to engage in the same fraudulent conduct after a settlement with the government are substantially similar to the allegations which led to the settlement. Other courts are split on the issue.

Courts in the Sixth and Seventh Circuits have held that allegations of continuing fraud after a settlement are substantially similar to and, therefore, are barred by the public disclosure statute. *See U.S. ex rel. Hirt v. Walgreen Co.*, 2016 WL 815512, at *5 (M.D. Tenn. Mar. 2, 2016) (rejecting

argument that allegations are not similar where defendant continued to carry out the same prohibited actions after a settlement with government), report and recommendation adopted, 2016 WL 1367182 (M.D. Tenn. Apr. 5, 2016); *United States v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 2014 WL 7912981, at *7 (E.D. Tenn. Mar. 28, 2014) (allegations that defendants are also violating a CIA did not distinguish relator's complaint from the public disclosures); *U.S. ex rel. Bogina v. Medline Indus., Inc.*, 809 F.3d 365, 370 (7th Cir. 2016) (affirming dismissal based on public disclosure bar where relator believed and was informed that defendant continued fraudulent conduct after settling with the government).

In contrast, courts in the First and Ninth Circuits have held that allegations that the defendants have continued to engage in the same fraud after a settlement are not based upon the public disclosures that lead to the settlement. *See U.S. ex rel. Booker v. Pfizer, Inc.*, 9 F.Supp.3d 34, 46 (D. Mass. 2014) (finding claims not precluded by the public disclosure bar when relator alleges that defendants are committing fraud by substantially the same means after settlement with government); *U.S. ex rel. Hoggett v. Univ. of Phoenix*, 2012 WL 2681817, at *4 (E.D. Cal. July 6, 2012) (finding claim not barred when relator alleged that despite settlement with government defendants continued the previous fraud). The government itself, in a different procedural context, has argued that there was no reason for it to be on notice that, after a settlement, the defendants would continue the same fraudulent scheme. *U.S. ex rel. Robinson-Hill v. Nurses' Registry & Home Health Corp.*, 2012 WL 4598699, at *13 (E.D. Ky. Oct. 2, 2012).

The court cannot determine whether dismissal under the public disclosure is warranted until it determines whether a complaint alleging violation of a CIA is "based upon" the complaints that led to the CIA. Thus, the court would appreciate: (i) any insight the parties may provide in how to distinguish or synthesize the rulings in the above cited cases or any other authorities

4

addressing the same issue; and (ii) any authority from the Third Circuit that provides useful guidance on how that court would likely rule on this issue.

## B. First-to-File Rule

Relying on the fact that *U.S. ex rel. DiMattia v. AstraZeneca LP*, C.A. No. 10-910-SLR (D. Del.) was pending when Denis filed his original complaint, Medco argues that Denis' claims must also be dismissed pursuant to 31 U.S.C. § 3730(b)(5), the "first-to-file" rule. There are two issues that need to be resolved before the court can decide Medco's motion based on the first-to-file rule. First, is *DiMattia* a "related" action when, as Denis points out, it names a different defendant. (D.I. 84 at 10). Second, does the first-to-file rule still apply when the *DiMattia* action is no longer pending. (D.I. 84 at 9 n. 5).

### i. Unnamed Defendants

DiMattia's and Denis' complaints do not name the same defendants. DiMattia names only AstraZeneca as a defendant and Denis names only Medco as a defendant. It appears that the Third Circuit has not addressed whether, under the first-to-file rule, named parties are considered "essential facts" of a fraud or only "somewhat different details." *See U.S. ex rel. LaCorte v. Smithkline Beecham Clinical Labs., Inc.*, 149 F.3d 227, 232-33 (3d Cir. 1998) (stating that an action is barred under the first-to-file rule if it provides the same "essential facts" as an earlier action, but not barred if it only provides "somewhat different details").

Both parties provided non-binding authorities from other courts directly supporting their position and neither party addressed why the other party's authority should not be followed. (*See* D.I. 80 at 12 (citing *U.S. ex rel. Bane v. Life Care Diagnostics*, 2008 WL 4853599, at *4 (M.D.

5

Fla. Nov. 10, 2008)); D.I. 84 at 10 (citing *In re Natural Gas Royalties ex rel. U.S. v. Exxon Co., USA*, 566 F.3d 956, 962 (10th Cir. 2009); D.I. 86 at 5 (noting, but not addressing, the parties' conflicting authorities)).

The court notes that several other courts have addressed this issue, and there is no clear consensus. *See U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 517 (6th Cir. 2009) ("[T]he fact that the later action names different or additional defendants is not dispositive as long as the two complaints identify the same general fraudulent scheme."); *U.S. ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 380 (5th Cir. 2009) (holding that the first-to-file rule did not bar a relator's allegations against defendants not named in an earlier suit); *U.S. ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 218 (D.C. Cir. 2003) (stating that the differences in the named defendants "are not differences in the material elements of the fraud"); *U.S. ex rel. Szymoniak v. ACE Sec. Corp.*, 2014 WL 1910876, at *5 (D.S.C. May 12, 2014) (finding an action barred by the first-to-file rule even though not all of the defendants were the same in the two cases); *but see In re Nat. Gas Royalties Qui Tam Litig. (CO2 Appeals)*, 566 F.3d 956, 962 (10th Cir. 2009) ("Two complaints can allege the very same scheme to defraud the very same victim, but they are not the same claim unless they share common defendants.").

Accordingly, to appropriately rule on this issue, the court asks the parties for: (i) any insight they may provide in how to distinguish or synthesize the authorities cited herein or any other authorities addressing the same issue; and (ii) any authority from the Third Circuit that provides useful guidance on how that court would likely rule on this issue.

### ii. Pending Action

A ruling based on the first-to-file bar must also consider that the *DiMattia* action is no

longer pending. As Denis points out, the Supreme Court stated in *Kellogg Brown & Root Services, Inc. v. U.S., ex rel. Carter* that "a qui tam suit under the FCA ceases to be 'pending' once it is dismissed." 135 S.Ct. at 1979. It appears, however, that, after *Carter*, courts have not uniformly agreed on the procedural outcome for second-filed cases once the first-filed action is no longer pending. *See United States v. Cephalon, Inc.*, 2016 WL 398014, at *3 (E.D. Pa. Feb. 2, 2016). Some courts have held that the second-filed action must be dismissed without prejudice to refiling even if the first-filed case is no longer pending. *Id.* at *4 (identifying cases). Other courts have held, both before and after *Carter*, that the first-to-file rule does not mandate dismissal of a second-filed suit once the first-filed action ceases to be pending. *Id.* (identifying cases). Of those courts that have not required dismissal, some, but not all, have ruled that the jurisdictional defect is cured by the filing of an amended complaint. *Id.*; *United States v. Pfizer, Inc.*, 2016 WL 807363, at *8 (E.D. Pa. Mar. 1, 2016) (allowing relators to file an amended complaint to assert the claims that were barred by the first-to-file rule).

Accordingly, the court asks the parties to: (i) determine whether there are any cases from the Third Circuit addressing this issue; (ii) identify the majority and minority rules of the United States Courts of Appeals and their supporting rationales; and (iii) provide argument as to why a particular rule should be applied in this case.

## II. CONCLUSION

NOW, THEREFORE, it is HEREBY ORDERED that:

1. The parties shall submit simultaneous opening briefs of no more than twenty pages by August 19, 2016; and

2. The parties shall submit simultaneous answering briefs of no more than fifteen pages by August 31, 2016.

Dated: August 2, 2016

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE