IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, )
STATE OF CALIFORNIA, )
STATE OF FLORIDA, and )
STATE OF NEW JERSEY, )
 )
ex rel., PAUL DENIS, )
 )
      Plaintiffs, )
 )
v. ) Civ. No. 11-684-RGA
 )
MEDCO HEALTH SOLUTIONS, INC., )
and EXPRESS SCRIPTS HOLDING )
COMPANY, )
 )
      Defendants. )

Jeffrey S. Goddess, Esquire and P. Bradford deLeeuw, Esquire of Rosenthal, Monhait & Goddess, P.A., Wilmington, Delaware. Counsel for Plaintiffs. Of Counsel: David S. Stone, Esquire of Stone & Magnanini LLP, Berkeley Heights, New Jersey.

Jack B. Blumenfeld, Esquire and Rodger D. Smith II, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Defendants. Of Counsel: Enu Mainigi, Esquire, Craig D. Singer, Esquire, Holly Conley, Esquire, and D. Keith Clouser, Esquire of Williams & Connolly LLP, Washington D.C.

**MEMORANDUM OPINION**

Dated: October 26, 2017
Wilmington, Delaware

**ANDREWS, United States District Judge:**

Relator Paul Denis brings this *qui tam* action against Medco Health Solutions, Inc. and its parent Express Scripts Holding Company (collectively, "Medco") alleging violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and analogous state statutes. Denis' allegations mirror what many plaintiffs before him have charged: that Medco defrauded the government by favoring certain drugs in exchange for kickbacks from AstraZeneca disguised as discounts, and Medco failed to share these discounts with its clients as required. (D.I. 111 ¶¶ 1, 5). The court previously dismissed Denis' Third Amended Complaint under two separate provisions of the False Claims Act: the first-to-file rule and the public disclosure bar. *U.S. ex rel Denis v. Medco Health Solutions, Inc.*, 2017 WL 63006, at *13 (D. Del. Jan. 5, 2017). Now pending before the court is Medco's motion to dismiss Denis' Fourth Amended Complaint. (D.I. 114). Medco raises several arguments, including the first-to-file rule, 31 U.S.C. § 3730(b)(5), the public disclosure bar, 31 U.S.C. § 3730(e)(4), and Federal Rules of Civil Procedure 12(b)(6) and 9(b). (D.I. 115). Because the court finds that dismissal is warranted under the public disclosure bar, it does not reach Medco's other arguments.

## I. BACKGROUND

The essential facts of the Fourth Amended Complaint are identical to those of the Third Amended Complaint. (*See* D.I. 111-3). The new content is essentially (i) speculation that the same conduct continued after Denis left his employment with Medco in 2008, (ii) ancillary details about events already alleged, or (iii) legal argument. Accordingly, the court refers the reader to its previous memorandum opinion for a general factual background and will discuss any new allegations where relevant below. *Denis*, 2017 WL 63006, at *2-4.

1

## II. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), the court must dismiss a complaint if it lacks subject matter jurisdiction. Challenges to subject matter jurisdiction may be facial or factual. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *Id.* The pre-2010 public disclosure bar is a factual attack on subject matter jurisdiction. *Denis*, 2017 WL 63006, at *4. In a factual attack, the court may weigh and consider evidence outside the pleadings, and no presumption of truthfulness attaches to plaintiff's allegations. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

### B. Rule 12(b)(6) & Rule 9(b)

The post-2010 public disclosure bar, if applicable, requires dismissal under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 812 F.3d 294, 300 (3d Cir. 2016). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *In re Rockefeller Ctr. Prop., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). The court's review is limited to the allegations in the complaint, exhibits attached to the complaint, documents incorporated by reference, and items subject to judicial notice. *Siwulec v. J.M. Adjustment Serv., LLC*, 465 F. App'x 200, 202 (3d Cir. 2012).

2

Because claims under the False Claims Act allege fraud, they are also subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b). *U.S. ex rel. Whatley v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d. Cir. 2016). Under Fed. R. Civ. P. 9(b), plaintiffs must "state with particularity the circumstances constituting fraud or mistake." In other words, the complaint must provide "all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is, the 'who, what, when, where and how' of the events at issue." *Whatley*, 657 F. App'x at 93 (*quoting In re Rockefeller*, 311 F.3d at 217).

## III. DISCUSSION

Denis alleges that Medco engaged in the same fraudulent scheme from 2005 to the present. (*See, e.g.*, D.I. 111 ¶¶ 111-13). Congress, however, amended the public disclosure bar in 2010, and those changes do not apply retroactively. *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 232 n. 3 (3d Cir. 2013). When a relator alleges a continuing fraud that spans the time before and after the amendments, several courts in the Third Circuit have applied the pre-2010 version of the statute to pre-2010 conduct and the post-2010 statute to post-2010 conduct. *See, e.g., U.S. ex rel. Judd v. Quest Diagnostics Inc.*, 2014 WL 2435659 (D.N.J. May 30, 2014). For reasons explained below, the court questions this approach, but will nevertheless follow it. Accordingly, the court will first describe the changes to the public disclosure bar and why it questions the bifurcated approach to a continuing fraud claim. Then the court will apply both versions of the public disclosure bar to Denis' claim.

### A. The Amendments to the Public Disclosure Bar

In 2010, Congress amended the public disclosure bar. Under the pre-2010 statute, the public disclosure bar deprives the court of subject matter jurisdiction if: (1) the public disclosures appear in certain enumerated sources; (2) the publicly disclosed information constitutes allegations

3

or transactions of fraud; (3) the relator's complaint is "based upon" the public disclosures; and (4) the relator is not an "original source." *Zizic*, 728 F.3d at 235 & 239; *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 519 (3d Cir. 2007); 31 U.S.C. § 3730(e)(4)(A) (2006). This version of the statute defines "original source" as "an individual who has direct and independent knowledge of the information on which the allegations are based." 31 U.S.C. § 3730(e)(4)(B) (2006). In contrast, the post-2010 statute provides that the court must "dismiss an action or claim" if: (1) the public disclosures appear in certain enumerated sources; (2) the publicly disclosed information contains "substantially the same allegations or transactions as alleged in the action or claim"; and (3) the relator is not an "original source." 31 U.S.C. § 3730(e)(4)(A) (2010). The amended statute defines "original source" as an individual who has voluntarily disclosed information to the government or one "who has knowledge that is independent of and materially adds to" information already publicly disclosed. 31 U.S.C. § 3730(e)(4)(B) (2010).

Some of the changes to the public disclosure bar are significant. First, the pre-2010 statute requires application of the Rule 12(b)(1) standard for lack of subject matter jurisdiction, whereas the post-2010 statute requires application of the Rule 12(b)(6) standard for failure to state a claim. *See Moore*, 812 F.3d at 300. As a result, no presumption of truthfulness attaches to pre-2010 allegations, but post-2010 allegations receive the benefit of every reasonable inference. *See Harris v. Kellogg Brown & Root Servs., Inc.*, 724 F.3d 458, 464 (3d Cir. 2013). Second, the amended statute limits the sources that qualify as public disclosures by, among other things, changing "civil hearings" to "federal civil hearings in which the government or its agent is a party." *Compare* 31 U.S.C. § 3730(e)(4)(A) (2006) to 31 U.S.C. § 3730(e)(4)(A)(i) (2010); *see also U.S. ex rel. Freedom Unlimited, Inc. v. Pittsburgh*, 2016 WL 1255294, at *13 (W.D. Pa. Mar. 31, 2016) (describing changes in enumerated sources). Third, the amended statute expands the definition of

4

"original source" by removing the words "direct knowledge." *Freedom Unlimited*, 2016 WL 1255294, at *13. Direct knowledge is knowledge based on first-hand information. *Zizic*, 728 F.3d at 239. Previous cases have held that a relator does not have direct knowledge when the knowledge is gained from reviewing documents and discussing them with colleagues who participated in the underlying events. *U.S. ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 848 (3d Cir. 2014). The removal of the words "direct knowledge" suggests that a relator may now qualify as an original source even though he or she does not have first-hand information.

In the previous motion to dismiss, the court applied the pre-2010 public disclosure bar, because Denis failed to allege any specific facts of post-2010 conduct. *Denis*, 2017 WL 63006, at *5. Instead, the Third Amended Complaint made the speculative assertion that the same fraudulent scheme from before 2010 continued past 2010. *Id.* When asked to identify specific allegations in the Third Amended Complaint of post-2010 conduct, Denis pointed to a conversation he had with Regina Dennis, a Vice President at Medco. *Id.* The court found those allegations insufficient, however, because no specific time was alleged and none could be reasonably inferred. *Id.* The Fourth Amended Complaint confirms that the conversation occurred before 2010, not after. (D.I. 111 ¶ 145). Like the Third Amended Complaint, the Fourth Amended Complaint alleges that any post-2010 conduct is a continuation of a pre-2010 fraudulent scheme. (*See, e.g., id.* at ¶ 168 ("This scheme began in 2005, continued in 2007 when the agreements were renewed through 2009, and was still continuing with Express Scripts until at least 2013."). The only specific allegation of post-2010 conduct is that Medco renewed its contract with Astra Zeneca in 2011. (*See, e.g., id.* at ¶ 111 ("The original AZ contract signed in 2005 expired in 2007, that contract was renewed in 2007, 2009, 2010, and again in 2011....")).

When the complaint alleges a continuing fraud that spans the time period before and after the 2010 amendment, several courts in the Third Circuit have established a rule that "the court applies the pre-amendment version ... to conduct occurring prior to the amendment's enactment and the post-amendment version to conduct occurring after the amendment took effect." *U.S. ex rel LaPorte v. Premier Educ. Grp., L.P.*, 2016 WL 2747195, at *7 (D.N.J. May 11, 2016); *Freedom Unlimited*, 2016 WL 1255294, at *12 ("[A]llegations of pre-2010 conduct will be assessed under the [pre-2010 public disclosure bar] and allegations of post-2010 conduct will be assessed under the [post-2010 public disclosure bar]."); *U.S. ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC*, 69 F. Supp. 3d 416, 423 (D. Del. 2014) (explaining that because the complaint alleges continuing conduct, "the court applies the [pre-2010 statute] to pre-amendment conduct and the amended [statute] to later conduct"), *rev'd on other grounds*, 812 F.3d 294 (3d Cir. 2015).

All of these cases can be traced back to *U.S. ex rel. Judd v. Quest Diagnostics Inc.*, 2014 WL 2435659 (D.N.J. May 30, 2014). In *Judd*, the relator argued that the post-2010 public disclosure bar applied to a continuing fraud claim, because that was the version in effect at the time he filed the complaint. *Id.* at *5. Defendants disagreed, arguing that the amendments were not retroactive and, therefore, the post-2010 bar could not be applied to pre-2010 conduct. *Id.* The district court agreed with the defendants and, therefore, applied the pre-2010 bar to pre-2010 conduct. *Id.* The Third Circuit affirmed on appeal. *U.S. ex rel. Judd v. Quest Diagnostics Inc.*, 638 F. App'x 162, 163 (3d Cir. 2015). Thus, the framing of the arguments in *Judd* have led to an awkward rule where the court must arbitrarily bifurcate the claim on the date the amendments became effective, i.e., 2010, and then evaluate the same claim using both versions of the public disclosure bar. Not only is this approach inefficient, but it might give the relator the benefit of

6

retroactive application of the 2010 amendments when the amendments are not retroactive.[1] In addition, the *Judd* rule is incongruous with the general rule that relators cannot defeat the public disclosure bar by alleging that the same fraud continued into a new time period. *See Denis*, 2017 WL 63006, at *8 (collecting cases). Apparently, under the *Judd* rule, if relators argue that the same fraud continued past 2010, the claim will be treated as a separate and distinct fraud.

Since *Judd*, some defendants before other district courts in the Third Circuit have raised an argument not addressed in *Judd*: That courts should apply the pre-2010 public disclosure bar to the entire claim, because that was the statute in effect at the time the claim accrued. *See LaPorte*, 2016 WL 2747195, at *7; *Freedom Unlimited*, 2016 WL 1255294, at *11. Those courts, however, have rejected the argument as contrary to the precedents established under *Judd*.[2] *See, e.g., LaPorte*, 2016 WL 2747195, at *7 n. 7. By contrast, some courts in other circuits have applied the pre-2010 version of the public disclosure bar to the entire continuing fraud claim. *See, e.g., Cause of Action v. Chicago Transit Auth.*, 815 F.3d 267, 271 n. 5 (7th Cir. 2016); *U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 2015 WL 4892259, at *3 (S.D. Cal. Aug. 17, 2015). In *Cause of Action*, the Seventh Circuit recognized the general rule that courts apply the version of the public disclosure bar in force when the underlying events took place, but thought it was not "necessary or appropriate" to characterize a fraud continuing from 2009 to 2010 "as discrete events." 815 F.3d 267, 271 n. 14. In *Bridgepoint*, the court applied the pre-2010 bar to a scheme that spanned

---

[1] Imagine, for example, that the pre-2010 portion of a relator's claim is dismissed after a factual attack to subject matter jurisdiction, but the post-2010 portion survives under the more plaintiff-friendly standard of Rule 12(b)(6). Would the relator then be entitled to discovery of pre-2010 conduct and to rely on pre-2010 facts to present his post-2010 claim? The only reason Denis' post-2010 claim is not frivolous is because of his allegations of pre-2010 conduct.

[2] Relying on those same precedents, this court recited the *Judd* rule in its previous motion to dismiss without critical consideration. *Denis*, 2017 WL 63006, at *5. Now faced with the prospect of having to apply the rule, the court recognizes its inefficient and incongruous nature.

7

both versions of the public disclosure bar, because "the majority of the most important aspects of the fraudulent conduct" occurred before the amendments became effective, i.e., defendants executed a multi-year agreement and the public disclosures were issued before 2010. 2015 WL 4892259, at *3. From this court's perspective, the better approach would be to apply the pre-2010 public disclosure bar to the entire continuing fraud claim, because that was the statute in effect at the time the claim accrued, and the statute is not retroactive. Nevertheless, the court will follow the approach previously affirmed by the Third Circuit in *Judd*.[3]

### B.  Pre-2010 Claim

The Fourth Amended Complaint does nothing to change the court's previous conclusion that the pre-2010 claim is barred by the pre-2010 public disclosure bar. As stated above, the pre-2010 public disclosure bar deprives the court of subject matter jurisdiction if: (1) the public disclosures appear in certain enumerated sources; (2) the publicly disclosed information constitutes allegations or transactions of fraud; (3) the relator's complaint is "based upon" the public disclosures; and (4) the relator is not an "original source." *Zizic*, 728 F.3d at 235 & 239; *Atkinson*, 473 F.3d at 519.

A complaint is "based upon" the public disclosures if it is "supported by" or "substantially similar" to the public disclosures. *Zizic*, 728 F.3d at 237. The statute does not require that the allegations be identical. *Judd*, 638 F. App'x at 166 (stating that a complete identity of allegations is not required to implicate the public disclosure bar). Denis repeats his previous argument that his complaint is not based upon the public disclosures, because it alleges "different time periods, different contracts, different regulations and identif[ies] a distinct fraud." (D.I. 111-3; D.I. at 116

---

[3]  I do acknowledge that *Judd* is not precedential and, therefore, I am not obligated to follow it.

8

at 6-7). The court, however, previously rejected that argument, because it was largely incorrect as a matter of fact. *Denis*, 2017 WL 63006, at *6-7. In addition, whatever differences that did exist were not enough to differentiate his claim from the public disclosures. *Id.* The Fourth Amended Complaint alleges the same fraudulent scheme as the Third Amended Complaint. (D.I. 111-3). Any new details elaborating on that scheme do not overcome the conclusion that it is substantially similar to the public disclosures.[4]

On the previous motion to dismiss, the court also found that Denis was not an original source, because he lacked direct knowledge. *Denis*, 2017 WL 63006, at *8. As the court explained, the Third Amended Complaint did not allege that Denis participated in the administration or negotiation of any contracts between Medco and AstraZeneca. *Id.* Instead, all of his knowledge was gleaned from reviewing documents and having conversations with colleagues who participated in the underlying events. *Id.* Contrary to Denis' assertions, this does not result in a rule that "only instigators can qualify as original sources." (D.I. 116 at 13). Innocent bystanders are often first-hand witnesses to bad acts. Admittedly, the direct knowledge requirement restricts the number of individuals that qualify as an original source. But perhaps that is the reason why Congress removed the direct knowledge requirement from the amended statute.

Denis cites a collection of allegations from the Fourth Amended Complaint purportedly demonstrating he is an original source with direct knowledge. (*Id.* at 11-12 (*citing* D.I. 111 ¶¶ 108-09, 113, 121, 123-24, 126, 129, 132, 139-40, 142-45, 148-56, 158, 160-67, 176-81, 193-96)).

---

[4] Denis argues that the term "purchase discounts" as used in the public disclosures is different from the term "Purchase Discounts" as used in his complaint, because the first term refers to "rebates or discounts" generally, and the second terms refers to a defined term in Medco's contract with Astra Zeneca. (D.I. 116 at 7). This argument does not raise a distinction that overcomes the substantial similarity requirement in the public disclosure bar. It is unlikely the government would be thrown off the trail of fraud by the nuanced differences between the terms "purchase discounts" and "Purchase Discounts."

But these allegations are insufficient for one of four reasons. First, they are unchanged from the previous complaint. (*See, e.g.*, D.I. 111-3 ¶¶ 129, 132, 139-40). They are, therefore, insufficient for the same reasons given on the previous motion to dismiss. *See Denis*, 2017 WL 63006, at *8-9. Second, the allegations elaborate on a fraudulent scheme proposed to Merck or another drug company, which does not demonstrate first-hand knowledge of a fraudulent scheme related to AstraZeneca. *See, e.g.*, D.I. 111 ¶¶ 148-54; *Denis*, 2017 WL 63006, at *8 n. 9; *Judd*, 638 F. App'x at 168 (being an original source with respect to one health care provider does not necessarily establish that the relator is an original source with respect to a different health care provider). Third, the allegations show that Denis received his knowledge second-hand through reviewing documents or being told information. (*See, e.g.*, D.I. 111 ¶¶ 126, 193-94). This is not direct knowledge. *Denis*, 2017 WL 63006, at *8. Finally, the allegations assert facts without a basis from which the court can reasonably infer that it is coming from Denis' first-hand knowledge. (*See, e.g.*, D.I. 111 ¶¶ 108-09, 113). In other words, the complaint does not allege that Denis saw or heard the information first-hand. For these reasons, Denis has not demonstrated that he qualifies as an original source under the pre-2010 disclosure bar. Accordingly, Denis' pre-2010 claim is dismissed with prejudice for lack of subject matter jurisdiction pursuant to the pre-2010 public disclosure bar. *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007) (explaining that repleading is futile after dismissal for lack of subject matter jurisdiction because "the legal inadequacy cannot be solved by providing a better factual account of the alleged claim").

### C. Post-2010 Claim

The issue under the post-2010 public disclosure bar is whether Denis qualifies as an original source once the direct knowledge requirement has been removed. The post-2010 public disclosure bar provides that the court must "dismiss an action or claim" if: (1) the public

10

disclosures appear in certain enumerated sources; (2) the publicly disclosed information contains "substantially the same allegations or transactions as alleged in the action or claim"; and (3) the relator is not an "original source." 31 U.S.C. § 3730(e)(4)(A) (2010). The first two elements of the post-2010 public disclosure bar are not in dispute. The court determined on the previous motion to dismiss that "the relevant allegations are essentially redundant of the claims in *Schumann* and *Hunt*."[5] (D.I. 109 at 3 n. 1). *Schumann* and *Hunt* are federal cases in which the government was a party and, therefore, qualify as public disclosures under the amended statute. *See* 31 U.S.C. § 3730(e)(4)(A)(i) (2010). Because "based upon" in the pre-2010 statute means "supported by" or "substantially similar" to the public disclosures, this element is essentially unchanged after the amendments. As a result, the court's analysis above finding that Denis' complaint is "based upon" the public disclosures is applicable to the post-2010 claim. This leaves for dispute whether Denis is an original source.

Under the post-2010 public disclosure bar, a relator is an original source if the relator has "knowledge that is independent of and materially adds to" information already publicly disclosed. 31 U.S.C. § 3730(e)(4)(B). "[A] relator materially adds to the publicly disclosed allegation or transaction of fraud when [he] contributes information—distinct from what was publicly disclosed—that adds in a significant way to the essential factual background: the who, what, when, where and how of the events at issue." *Moore*, 812 F.3d at 307. Because the court bifurcated Denis' claim, the post-2010 original source standard applies only to conduct that occurred after March 23, 2010. The only post-2010 conduct alleged in the complaint is that Medco renewed the agreements with Astra Zeneca in 2011, and those agreements remained in effect until 2013. (D.I.

---

[5]  *Schumann* and *Hunt* refer respectively to *U.S. ex rel. Schumann v. Medco*, No. 03-CV-5423 (E.D. Pa.) and *U.S. ex rel. Hunt et al. v. Merck-Medco Managed Care L.L.C.*, No. 00-CV-737 (E.D. Pa.).

111 ¶¶ 111, 166). These allegations do not add anything significant to the "who, what, when, where and how" of the fraudulent scheme. *See Judd*, 638 F. App'x at 168 n. 7 (finding that relator did not materially add to the prior disclosures by alleging that the fraud continued into a new time frame). Accordingly, Denis does not qualify as an original source, and his post-2010 claim does not overcome the post-2010 public disclosure bar. The court grants Medco's motion to dismiss the post-2010 claim for failure to state a claim. Dismissal is with prejudice, because it would be futile for Denis to file a fifth amended complaint. *See Gasoline Sales, Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994) (stating that the district court did not abuse its discretion in denying amendment because "three attempts at a proper pleading is enough").

## IV. CONCLUSION

The court dismisses Denis' pre-2010 federal law claim for lack of subject matter jurisdiction pursuant to the pre-2010 public disclosure bar, 31 U.S.C. § 3730(e)(4) (2006), and his post-2010 federal law claim for failure to state a claim under the post-2010 public disclosure bar, 31 U.S.C. § 3730(e)(4) (2010). In addition, the court declines to exercise supplemental jurisdiction over the state law claims brought under the laws of California, Florida, and New Jersey for the same reasons set forth in the previous opinion. *Denis*, 2017 WL 63006, at *13. Denis has not asked for leave to amend the complaint and, for the reasons explained above, the court will not *sua sponte* grant leave as any amendment would be futile. Accordingly, Medco's motion to dismiss (D.I. 114) is GRANTED, and the complaint is DISMISSED WITH PREJUDICE. An appropriate order will be entered.

Dated: October 26, 2017

UNITED STATES DISTRICT JUDGE